Richard J. Reynolds, Esq.
Nevada Bar No. 11864
TURNER, REYNOLDS, GRECO & O'HARA
16485 Laguna Canyon Road, Suite 250
Irvine, California 92618
Telephone: (949) 474-6900
Facsimile: (949) 474-6907
E-mail: rreynolds@trlawyers.com

Michael E. Sullivan, Esq.
Nevada Bar No. 5142
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, NV 89503
Telephone: (775) 329-3151
Facsimile: (775) 329-7941
E-mail: msullivan@rbsllaw.com

**Attorneys for** Defendant, MTC FINANCIAL INC. dba TRUSTEE CORPS (erroneously sued as MTC FINANCIAL, INC. dba TRUSTEE CORPS)

UNITED STATES DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| JEFFREY BENKO, a Nevada resident; CAMILO MARTINEZ, a Nevada resident; ANA MARTINEZ, a Nevada resident; FRANK SCINTA, a Nevada resident; JACQUELINE SCINTA, a Nevada resident; SUSAN HJORTH, a Nevada resident; RAYMOND SANSOTA, a Ohio resident; FRANCINE SANSOTA, a Ohio resident; SANDRA KUHN, a Nevada resident; JESUS GOMEZ, a Nevada resident; SILVIA GOMEZ, a Nevada resident; DONNA HERRERA, a Nevada resident; ANTOINETTE GILL, a Nevada resident; JESSE HENNIGAN, a Nevada resident; KIM MOORE, a Nevada resident; THOMAS MOORE, a Nevada resident; <br><br> Plaintiff, <br><br> vs. <br><br> QUALITY LOAN SERVICE CORPORATION, a California Corporation; APPELTON PROPERTIES, LLC, a Nevada Limited Liability Company; MTC FINANCIAL, INC. dba TRUSTEE CORPS, a California Corporation; MERIDIAN FORECLOSURE SERVICE, a California | CASE NO. _____ <br><br> (Clark County Case No. A-11-649857-C) <br><br> **PETITION FOR REMOVAL BY DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS** |

853516.965
00287605.WPD; 1

1

1  and Nevada Corporation dba MTDS, Inc., )
   dba MERIDIAN TRUST DEED SERVICE; )
2  NATIONAL DEFAULT SERVICING )
   CORPORATION, a Arizona Corporation; )
3  CALIFORNIA RECONVEYANCE )
   COMPANY, a California Corporation; and )
4  DOES 1 through 100, inclusive, )
                                         )
5              Defendants.                )
                                         )

7       Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS (erroneously sued as MTC
8  FINANCIAL, INC. dba TRUSTEE CORPS) ("TRUSTEE CORPS") submits this Petition for
9  Removal of the above-captioned lawsuit entitled <u>JEFFREY BENKO vs. QUALITY LOAN</u>
10 <u>SERVICE CORPORATION, etc., et al.</u>, as Case No. A-11-649857-C, originally assigned to
11 Dept. VIII then reassigned to Dept. XXXII, in the District Court located in Clark County,
12 Nevada ("State Court") to this Court pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1332(d)(5)(B),
13 1441, 1446, and 1453(a).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

15     1.   TRUSTEE CORPS was served with a copy of Plaintiffs' State Court first
16 amended complaint ("FAC") on or about January 24, 2012. It was never served with the
17 original complaint. Thus, this removal is timely because the 30-day period for filing the
18 removal has not passed. 28 U.S.C. §1446(b). Additionally, removal is timely because it is
19 filed within one year from when Plaintiffs started the State Court action on October 12, 2011.

20     2.   Pursuant to 28 U.S.C. §1446(a), TRUSTEE CORPS has attached a true and
21 correct copy of the original complaint and FAC as **Exhibits "A and B, respectively."**
22 Attached as **Exhibit "C"** is a true and correct copy of Plaintiffs' Notice of Pendency of Action
23 filed October 13, 2011, which copy TRUSTEE CORPS obtained from the State Court.

24     3.   TRUSTEE CORPS has provided and served a copy of the Petition for Removal
25 on Plaintiffs and will timely file a copy of the Petition for Removal with the Clerk of the State
26 Court as required by 28 U.S.C. §1446(d).

27     4.   TRUSTEE CORPS is informed and believes and hereon alleges that no other
28 Defendant has appeared to date.

853516.965
00287605.WPD; 1

2

5. Removal from State Court to this Court is proper as this district embraces the place where the action is pending 28 U.S.C. §1441(a).

## BACKGROUND

6. Plaintiffs have asserted in their FAC class action claims for consumer fraud, unjust enrichment, and trespass against all defendants, a class action claim for elder abuse against Meridian Foreclosure Service ("Meridian"), and a sham and misjoined claim of quiet title against by Antoinette Gill against Appleton Properties.

## FEDERAL QUESTION

7. Plaintiffs make a charge in the first count of alleged violation of N.R.S. 598.0923(1) ["A person engages in a 'deceptive practice' when... he or she knowingly: 1. Conducts the business or occupation without all required state, county or city licences."]. This claim is based on purported violations of N.R.S. 649.075 and 649.171 ["debt collector license required"]. The term "debt collection" (and violation thereof) in turn depends on how the term is defined in Nevada pursuant to N.R.S. 649.370. In this regard, the latter statute refers exclusively and coextensively to 15 U.S.C. §§1682, 1692 et seq. (Federal Fair Debt Collection Practices Act) ("FDCPA") for the definition of debt collection (and the violation thereof). Thus, federal question jurisdiction exists because resolution of the state claim necessarily requires or turns on the construction of the above federal law with respect to the definition of "debt collection." See, Smith v. Community Lending, Inc., 773 F.Supp.2d 941,945,946 (D.Nev. 2011); Chase v. United Residential Mortgage, LLC, 2011 WL 198008 (D.Nev.)*1-3.

## MINIMUM DIVERSITY OF CITIZENSHIP PURSUANT TO CLASS ACTION FAIRNESS ACT ("CAFA")

8. There are at least 100 class members in the proposed Plaintiffs' classes. 28 USC §1332(d)(5)(B). Indeed, Plaintiffs claim the class is composed of thousands of Nevada residents (FAC, ¶23).

9. The combined claims of all class members allegedly exceeds $5 million exclusive of interest and costs. 28 USC §1332(d)(2)(6). If at a minimum the class purportedly consisting of "thousands of Nevada residents" allegedly totals least 1,000 residents and each purportedly

suffered the amount pleaded of in excess of $10,000 (Complaint, ¶¶34, 42, and 60), the combined claims of the class are alleged to be $10 million at a minimum.

    10.    Any class member (named or not) is a citizen of a different state than any defendant. 28 USC §1332(d)(2)(A).

    A.    TRUSTEE CORPS is a California Corporation, whose corporate status is active in Nevada, and whose principal place of business is Irvine, California.

    B.    TRUSTEE CORPS is informed and believes that Defendant Quality Loan Service Corporation is a California Corporation with its principal place of business in San Diego, California.

    C.    TRUSTEE CORPS is informed and believes that Defendant National Default Servicing Corporation is an Arizona Corporation with its principal place of business in Phoenix, Arizona.

    D.    TRUSTEE CORPS is informed and believes that Defendant California Reconveyance Company is a California Corporation with its principal place of business in Chatsworth, California.

    E.    TRUSTEE CORPS is informed and believes that Defendant Meridian Foreclosure Service is a California Corporation with its principal place of business in Las Vegas, Nevada

    F.    It is alleged the class is made up of Nevada residents and certain named Plaintiffs, Raymond Sansota and Francine Sansota, now reside in Ohio as of the filing of the original complaint. There are no Defendants who are citizens of Ohio.

Therefore, class members are citizens of a different state than any defendant. Thus, diversity is pleaded pursuant to CAFA.

    11.    The naming of Defendant Appleton Properties as a defendant and Plaintiff Antoinette Gill's third claim for quiet title constitute a sham. Firstly, the claim appears to incorporate alleged facts in support for which federal question jurisdiction exists– specifically,

resolution of the quiet title claim appears to turn on the construction of the definition of "debt collection" under FDCPA. No independent factual basis is pleaded for the claim.

In Nevada, a quiet title action may be brought "by any person against another who claims an ... interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." N.R.S. 40.010; Lasao v. Stearns Lending Co., 2011 WL 3273923 at *8-9 (D.Nev.). A quiet title action is an equitable proceeding for the adjudication of *disputed* ownership of real property rights. See, Howell v. Ricci, 197 P.3d 1044, n. 1 (Nev. 2008). Here, *the property went to sale*, and foreclosure trustees, which are the defendants in this case, *have no interest or ownership in the subject real property*. Thus, the quiet title claim constitutes a fraudulent misjoinder because it has no connection to the alleged class action claims made against the foreclosure trustees. None of the foreclosure trustees named has any liability under this claim.

The claim does not plead Plaintiff Antionette Gill tendered what was owed on the claim. Because quiet title is an action in equity, it is widely accepted that the party seeking to remove a claim to his or her title must tender any undisputed amounts owed in order to challenge the validity of a sale. Lasao v. Stearns Lending Co., supra, 2011 WL 3273923 at *8; Reyna v. Wells Fargo Bank, N.A., 2011 WL 2690087 at *2 (D.Nev.); Provenzano v. Clark County, 73 Nev. 348, 353, 319 P.2d 855 (1957) (allowing action to quiet title where Plaintiff also tendered all amounts due). The amount to be tendered would go to the lender, but the lender, a necessary and essential party, is not named to quiet title claim. The above necessary requirements to quiet

///
///
///
///
///
///
///
///

title are not pleaded. Thus, the quiet title claim is a sham claim not intended to be prosecuted but is asserted to attempt to destroy diversity under CAFA.

DATED this 13th day of February, 2012.

**TURNER, REYNOLDS, GRECO & O'HARA**
16485 Laguna Canyon Road, Suite 250
Irvine, California 92618

By: /s/ Richard J. Reynolds
RICHARD J. REYNOLDS
Attorneys for Defendant, MTC
FINANCIAL INC. dba TRUSTEE CORPS

MICHAEL SULLIVAN
**ROBISON, BELAUSTEGUI, SHARP & LOW**
71 Washington Street
Reno, NV 89503

Attorneys for Defendant, MTC
FINANCIAL INC. dba TRUSTEE CORPS

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of TURNER, REYNOLDS, GRECO & O'HARA, and that on February 14, 2012, I caused to be served a true copy of the **PETITION FOR REMOVAL BY DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS** on all parties to this action by the method(s) indicated below:

✓ by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Irvine, California, addressed to:

Nicholas A. Boylan, Esq.
LAW OFFICES OF NICHOLAS A. BOYLAN, APC
450 A Street, Suite 400
San Diego, CA 92101
Email: nablawfirm@gmail.com
*Attorneys for Plaintiffs*

*/s/ GK Tooley*
GERI K. TOOLEY

853516.965
00287605.WPD; 1

7