# EXHIBIT A

# EXHIBIT A

```
 1  COMP
    Nicholas A. Boylan, Esq.
 2  Nevada Bar No. 5878
    LAW OFFICES OF NICHOLAS A. BOYLAN, APC
 3  450 A Street, Suite 400                                    Electronically Filed
 4  San Diego, CA 92101                                        10/12/2011 04:25:50 PM
    Phone: (619) 696-6344
 5  Fax: (619) 696-0478

 6  Shawn Christopher, Esq.                                    CLERK OF THE COURT
    Nevada Bar No. 6252
 7  CHRISTOPHER LEGAL GROUP
 8  2625 N. Green Valley Pkwy, #110
    Henderson, NV 89052
 9  Phone: (702) 737-3125
    Fax:  (702) 458-5412
10
11  Attorneys for Plaintiffs
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JEFFREY BENKO, a Nevada resident; CAMILO MARTINEZ, a Nevada resident; ANA MARTINEZ, a Nevada resident; FRANK SCINTA, a Nevada resident; JACQUELINE SCINTA, a Nevada resident; SUSAN HJORTH, a Nevada resident; RAYMOND SANSOTA, a Ohio resident; FRANCINE SANSOTA, a Ohio resident; SANDRA KUHN, a Nevada resident; JESUS GOMEZ, a Nevada resident; SILVIA GOMEZ, a Nevada resident; DONNA HERRERA, a Nevada resident; ANTOINETTE GILL, a Nevada resident; JESSE HENNIGAN, a Nevada resident; KIM MOORE, a Nevada resident; THOMAS MOORE, a Nevada resident; <br><br>    Plaintiffs,<br>v.<br><br>QUALITY LOAN SERVICE CORPORATION, a California Corporation; APPLETON PROPERTIES, LLC, a Nevada Limited Liability Company; MTC FINANCIAL, INC. | CASE NO: A-11-649857-C<br><br>DEPT NO.: XXIX<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CLASS ACTION**<br><br>**ARBITRATION EXEMPTION CLAIMED:** Pursuant to NAR 3(A)- Action for Damages in Excess of $50,000<br><br>**Jury Trial Demanded** |

dba TRUSTEE CORPS, a California Corporation; MERIDIAN FORECLOSURE SERVICE, a California and Nevada Corporation dba MTDS, Inc., dba MERIDIAN TRUST DEED SERVICE; NATIONAL DEFAULT SERVICING CORPORATION, a Arizona Corporation; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation; and DOES 1 through 100, inclusive,

Defendants.

## I.

## PARTIES

1. Plaintiff JEFFREY BENKO is now, and/or was at all relevant times herein, a resident of the State of Nevada and, while residing in Nevada, was the subject of illegal debt collection activities and communications from and by defendant QUALITY LOAN SERVICE CORPORATION.

2. Plaintiffs CAMILO MARTINEZ and ANA MARTINEZ are now, and/or were at all relevant times herein, residents of the State of Nevada and, while residing in Nevada, were the subject of illegal debt collection activities and communications from and by defendant QUALITY LOAN SERVICE CORPORATION.

3. Plaintiffs FRANK SCINTA and JACQUELINE SCINTA are now, and/or were at all relevant times herein, residents of the State of Nevada and, while residing in Nevada, were the subject of illegal debt collection activities and communications from and by defendants QUALITY LOAN SERVICE CORPORATION and MERIDIAN FORECLOSURE SERVICE dba MTDS, INC. dba MERIDIAN TRUST DEED SERVICE.

4. Plaintiff SUSAN HJORTH is now, and/or was at all relevant times herein, a resident of the State of Nevada and, while residing in Nevada, was the subject of illegal debt collection activities and communications from and by defendant QUALITY LOAN SERVICE CORPORATION.

5. Plaintiffs RAYMOND SANSOTA and FRANCINE SANSOTA are now

residents of the State of Ohio, and were at all relevant times herein, residents of the State of Nevada and, while residing in Nevada, were the subject of illegal debt collection activities and communications from and by defendant MTC FINANCIAL, INC., DBA TRUSTEE CORPS. and APPLETON PROPERTIES, who was a beneficiary of those illegal activities in that she took possession and title to the Sansota's home.

6. Plaintiff SANDRA KUHN is now, and/or was at all relevant times herein, a resident of the State of Nevada and, while residing in Nevada, was the subject of illegal debt collection activities and communications from and by defendant MERIDIAN FORECLOSURE SERVICE dba MTDS, INC. dba MERIDIAN TRUST DEED SERVICE.

7. Plaintiffs JESUS GOMEZ and SILVIA GOMEZ are now, and/or were at all relevant times herein, residents of the State of Nevada and, while residing in Nevada, were the subject of illegal debt collection activities and communications from and by defendant MERIDIAN FORECLOSURE SERVICE dba MTDS, INC. dba MERIDIAN TRUST DEED SERVICE.

8. Plaintiff DONNA HERRERA is now, and/or was at all relevant times herein, a resident of the State of Nevada and, while residing in Nevada, was the subject of illegal debt collection activities and communications from and by defendant MERIDIAN FORECLOSURE SERVICE dba MTDS, INC. dba MERIDIAN TRUST DEED SERVICE.

9. Plaintiff ANTOINETTE GILL is now, and/or was at all relevant times herein, a resident of the State of Nevada and, while residing in Nevada, was the subject of illegal debt collection activities and communications from and by defendant MERIDIAN FORECLOSURE SERVICE dba MTDS, INC. dba MERIDIAN TRUST DEED SERVICE.

10. Plaintiff JESSE HENNIGAN is now, and/or was at all relevant times herein, a resident of the State of Nevada and, while residing in Nevada, was the subject of illegal debt collection activities and communications from and by defendant NATIONAL DEFAULT SERVICING CORPORATION.

11. Plaintiffs KIM MOORE and THOMAS MOORE are now, and/or were at all relevant times herein, residents of the State of Nevada and, while residing in Nevada,

were the subject of illegal debt collection activities and communications from and by defendant CALIFORNIA RECONVEYANCE COMPANY.

12. Defendant QUALITY LOAN SERVICE CORPORATION ("QLS") is a foreign corporation, believed to be a California corporation, located in California, and doing business in the State of Nevada. At all relevant times, prior to 2011, QLS did not hold a Nevada license to engage in debt collection activities in the State of Nevada.

13. Defendant MTC FINANCIAL, INC. ("MTC") is a foreign corporation, believed to be a California corporation located in the State of California, and doing business in the State of Nevada under the assumed name of TRUSTEE CORPS. At all relevant times MTC did not hold a Nevada license to engage in debt collection activities in the State.

14. Defendant APPLETON PROPERTIES is a Domestic Limited-Liability Company, incorporated in Nevada and/or doing business in Nevada. The managing members, Patrick Ziade and Philippe Ziade, are believed to reside in Las Vegas, Nevada at 9746 Valmeyer Avenue, Las Vegas, Nevada 89148.

15. MERDIAN FORECLOSURE SERVICES ("Meridian") dba MTDS, INC., dba MERIDIAN TRUST DEED SERVICE, is both a foreign and Nevada corporation, believed to be incorporated in California, but doing business, located and holding its headquarters in the State of Nevada at 8485 W. Sunset Road, Suite 205, Las Vegas, Nevada 89113. At all relevant times, Meridian did not hold a Nevada license to engage in debt collections activities in the State of Nevada.

16. NATIONAL DEFAULT SERVICING CORPORATION ("NDSC") is a foreign corporation, believed to be a Arizona corporation located in Arizona, and doing business in the State of Nevada. At all relevant times NTDS did not hold a Nevada license to engage in debt collections activities in the State of Nevada.

17. CALIFORNIA RECONVEYANCE COMPANY ("CALIFORNIA RECONVEYANCE") is a foreign corporation, believed to be a California corporation located in the State of California, and doing extensive business in the State of Nevada. At all relevant times CALIFORNIA RECONVEYANCE did not hold a Nevada license to

engage in debt collection activities in the State.

## II.

18. No federal jurisdiction exists in this matter. None of Defendants are nationally chartered banks. Named Defendants maintain the requisite residency that defeats diversity jurisdiction. Plaintiff states that because no federal jurisdiction governs the parties and the subject lawsuit, Defendants are warned that any efforts of removal will be viewed in bad faith and substantial sanctions will be sought.

## III.

## CLASS ACTION ALLEGATIONS
## (Against ALL DEFENDANTS)

19. Plaintiffs' claims are authorized in whole or in part under N.R.S. 41.600, and/or other Nevada statutes and common law.

20. Class Definition: This action is brought on behalf of the following class of persons:

   a. All Nevada residents who were subject to debt collection activity by defendants while defendants did not hold a Nevada license to engage in debt collection activities in Nevada.

21. Sub-Class Definition: The sub-class is defined as follows:

   b. Sub-Class 1: All Nevada residents who were subject to such illegal debt collection activities by the Defendants at a time when they were age 60 or older.

22. Numerosity: The class is composed of thousands of Nevada residents, mostly in Clark County. The joinder of these class members in one action is impracticable. The disposition of their claims in a single class action will provide substantial benefits to both the parties and the Court. The names and addresses of class members are readily obtainable from the defendants, so that the class can be ascertained.

23. Predominance of Common Questions: There is well-defined community of interest in the questions of law and fact that affect the class members to be represented here. The questions of law and fact common to the class members sufficiently

predominate over questions which may affect individual class members, and, in any event the class device is the best means, if not the only practical means, for class members to achieve relief for the multiple years of consistent illegal debt collection activities by defendants. Common questions, include, but are not limited to the following:

   c.   Whether as a uniform and common practice, applicable to class members, Defendant knowingly engaged in systemic, illegal debt collection activities.

   d.   Whether defendants engaged in debt collection activities against Plaintiffs in Nevada at a time when defendants did not hold a license to do so in the State of Nevada pursuant to N.R.S. 649.075.

   e.   Whether defendants' unlicensed debt collection activities against Plaintiffs constituted a violation of Nevada's Deceptive Trade Practices Act, including N.R.S. §§ 598.0923(1).

   f.   Whether Defendants obtained revenue and/or other illegal gains from pursuing illegal debt collection activities against Plaintiffs in the State of Nevada.

   g.   Whether Defendants were unjustly enriched with revenues and/or other illegal gains obtained from pursuing illegal debt collection activities against Plaintiffs in the State of Nevada.

24.   <u>Fair Representation</u>: Plaintiffs will fairly and adequately represent and protect the interest of the class. Plaintiffs have no true or meaningful interest that is antagonistic to the interests of other members of the class, and plaintiffs have retained counsel who are competent and sufficiently experienced in the prosecution of class action litigation.

25.   <u>Typicality</u>: Plaintiffs' claims are typical of the claims held by members of plaintiffs' class. Plaintiffs and members of the class have all suffered similar harm as a result of Defendants' wrongful conduct. This class action will provide substantial benefits to both the class and the public, since, absent this action, Defendants will likely escape any meaningful accountability for their pattern of violations of law, i.e., violations occurring in a pervasive and repetitive manner over a period of years.

26. <u>Superiority</u>: A class action is superior to all other reasonably available means for the fair and efficient adjudication of this controversy. Class members, or the great majority of them, are financially distressed and are generally unable to pursue individual actions. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Furthermore, as the damages suffered by each individual member of the putative class may be relatively small, the expenses and burden of individual litigation would make it difficult if not impossible for individual class members to redress the wrongs done to them. Most individual class members have little interest in or ability to prosecute a time-consuming and expensive individual action, due to the size and economic power of the defendants, the complexity of the issues involved in the litigation and the relatively small, although significant damages suffered by each putative class members. Individual members of the putative class do not have a significant interest in individually controlling the prosecution of separate actions, and the impact of a scenario contemplating hundreds or thousands of individual actions would place an unacceptable burden on the judicial system in any event. Furthermore, the prosecution of separate, individual actions by putative class members would create a risk of inconsistent and varying adjudications concerning the subject matter of this action, and would therefore risk the establishment of incompatible standards of conducts for defendants, pursuant to governing law. This class action will foster an orderly and expeditious administration of class claims, economies of time, effort, and expense will be obtained, and uniformity of decisions will be ensured.

### IV.

### FIRST CAUSE OF ACTION

**Violation of the Nevada Deceptive Trade Practices Act**

**(JEFFREY BENKO, CAMILO MARTINEZ, ANA MARTINEZ, FRANK SCINTA, JACQUELINE SCINTA, and SUSAN HJORTH Against QLS and Does 1 through 100; RAYMOND SANSOTA and FRANCINE SANSOTA Against MTC FINANCIAL, INC. and**

Does 1 through 100; SANDRA KUHN, JESUS GOMEZ, SILVIA GOMEZ, DONNA HERRERA, FRANK SCINTA, JACQUELINE SCINTA, and ANTOINETTE GILL, Against MERIDIAN FORECLOSURE SERVICE and Does 1 through 100; JESSE HENNIGAN, Against NATIONAL DEFAULT SERVICING CORPORATION and Does 1 through 100; KIM MOORE, and THOMAS MOORE, Against CALIFORNIA RECONVEYANCE COMPANY and Does 1 through 100.)

27. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in paragraphs 1 through 22, as though fully set forth herein.

28. At all relevant times, Plaintiffs were residents of Nevada.

29. While Plaintiffs were residents of Nevada and while defendants QLS, MTC, MERIDIAN, NDSC, and CALIFORNIA RECONVEYANCE did not hold a Nevada license to pursue debt collection activities, Defendants nevertheless pursued various debt collection activities against Plaintiffs, including such items as debt-related notices, demands, collection communications and/or foreclosure sale and processes, against Plaintiffs. Defendants thus caused Plaintiffs' damages and/or received illicit revenue and/or profits.

30. Defendants conduct violated N.R.S. 649.075, and therefore constituted a deceptive trade practice under N.R.S. 598.0923(1).

V.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

(JEFFREY BENKO, CAMILO MARTINEZ, ANA MARTINEZ, FRANK SCINTA, JACQUELINE SCINTA, and SUSAN HJORTH Against QLS and Does 1 through 100; RAYMOND SANSOTA and FRANCINE SANSOTA Against MTC FINANCIAL, INC. and Does 1 through 100; SANDRA KUHN, JESUS GOMEZ, SILVIA GOMEZ, DONNA HERRERA, FRANK SCINTA, JACQUELINE SCINTA, and ANTOINETTE GILL Against MERIDIAN FORECLOSURE SERVICE and Does 1 through 100; JESSE HENNIGAN, Against NATIONAL DEFAULT SERVICING CORPORATION and Does 1 through 100; KIM MOORE, and THOMAS MOORE Against CALIFORNIA RECONVEYANCE

- 8 -

COMPANY and Does 1 through 100.)

31. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in paragraphs 1 through 22, as though fully set forth herein.

32. While Plaintiffs were residents of Nevada and while defendants QLS, MTC, MERIDIAN, NDSC, and CALIFORNIA RECONVEYANCE did not hold a Nevada license to pursue debt collection activities, and nevertheless pursued various debt collection activities against Plaintiffs, including such items as debt-related notices, demands, collection communications and/or foreclosure sale and processes, against Plaintiffs.

33. The use of the proceeds by Defendants constitutes an unjust enrichment of Defendants at Plaintiffs' expense.

34. The reasonable value of Defendants' unjust enrichment is an amount of approximately $500 to $1,500, or more, for each class member, as to be determined by discovery and subject to proof at trial.

## VI.

## THIRD CAUSE OF ACTION

## TRESPASS

(JEFFREY BENKO, CAMILO MARTINEZ, ANA MARTINEZ, FRANK SCINTA, JACQUELINE SCINTA, and SUSAN HJORTH Against QLS and Does 1 through 100; RAYMOND SANSOTA and FRANCINE SANSOTA Against MTC FINANCIAL, INC., and Does 1 through 100; SANDRA KUHN, JESUS GOMEZ, SILVIA GOMEZ, DONNA HERRERA, FRANK SCINTA, JACQUELINE SCINTA, and ANTOINETTE GILL Against MERIDIAN FORECLOSURE SERVICE and Does 1 through 100; JESSE HENNIGAN, Against NATIONAL DEFAULT SERVICING CORPORATION and Does 1 through 100; KIM MOORE, and THOMAS MOORE Against CALIFORNIA RECONVEYANCE COMPANY and Does 1 through 100.)

35. Plaintiffs refer to and incorporate herein by reference each and every allegation contained in paragraphs 1 through 22, as though fully set forth herein.

36. While Plaintiffs were residents of Nevada and while Plaintiffs were in legal

possession of and entitled to possession of their homes, defendants QLS, MTC, NTDS, MERIDIAN, and CALIFORNIA RECONVEYANCE wrongfully and intentionally trespassed and entered onto the property of Plaintiffs through the foreclosure sale and processes, and wrongfully took possession of Plaintiffs' properties.

37. Defendants' wrongful possession of Plaintiffs' property caused Plaintiffs' damages.

## VII.
## FOURTH CAUSE OF ACTION
## QUIET TITLE
### (ANTOINETTE GILL Against APPLETON PROPERTIES and Does 1 through 100.)

38. Plaintiff refers to and incorporate herein by reference each and every allegation contained in paragraphs 1 through 22, as though fully set forth herein.

39. Plaintiff GILL is seeking to quiet title against all adverse claims of all Defendants, including the claims of the Defendant APPLETON PROPERTIES.

40. Plaintiff GILL is informed and believes and on that basis alleges that Defendants' claim on interest adverse to Plaintiff's title in the subject real property.

41. Plaintiff GILL's title is superior to the title claims of all other persons with an interest in the property.

42. Plaintiff GILL seeks a determination of her title in this action against adverse claims as of the date of the filing of this complaint.

## VIII.
## FIFTHE CAUSE OF ACTION
## ELDER ABUSE
### (SANDRA KUHN and ANTOINETTE GILL Against MERIDIAN FORECLOSURE SERVICE and Does 1 through 100.)

43. Plaintiffs refers to and incorporate herein by reference each and every allegation contained in paragraphs 1 through 22, as though fully set forth herein.

44. While Plaintiff was a resident of Nevada and while defendant MERIDIAN, did

not hold a Nevada license to pursue debt collection activities, and nevertheless pursued various debt collection activities against Plaintiff, including such items as debt-related notices, demands, collection communications and/or foreclosure sale and processes, against Plaintiff.

45. Plaintiff was subject to debt collection activities at a time when she was age 60 or older.

## IX.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ask the Court for the following relief:

1. For compensatory and consequential damages not less than $10,000, with a specific amount to be determined at trial;
2. For reasonable costs;
3. For reasonable attorney's fees as permitted by law;
4. For injunctive relief; and
5. For such other and further relief as the Court may deem just and proper.

Dated: October 12, 2011     LAW OFFICE OF NICHOLAS A. BOYLAN, A.P.C.

By: _____
Nicholas A. Boylan, Esq.,
Nevada Bar No. 5878
450 A Street, Suite 400
San Diego, CA 92101
Attorney for Plaintiffs

- 11 -